M. E. Lawrence, of Eastland, and J. Lee Cearley, of Cisco, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

### MORROW, P. J.

The offense is the possession of intoxicating liquor for the purpose of sale; penalty, confinement in the penitentiary for a period of two years.

Possessed of a search warrant, officers approached the appellant and were told by him that they needed no search warrant; that is, they could search his premises at any time. They found nothing incriminating in his immediate possession. On some land near his house they found several kegs of whisky. There were tracks leading from his premises to the point where the liquor was found. There was no testimony identifying the tracks. In the appellant's yard there were two empty kegs. The land upon which the whisky was found was not a part of the appellant's premises. There was no testimony connecting him with the sale of any intoxicating liquor. In an automobile upon his premises there was found a quantity of sugar and some yeast. It appears from the testimony of the officers that a short time before the search was made they saw two other persons driving the car to the appellant's home; that one of the persons was the grown son of the appellant. The son resided with his father.

The appellant testified in his own behalf and disclaimed any connection with the whisky, or knowledge of its presence in the locality where it was found or elsewhere. He also testified that the place where the whisky was found was not under his control. He had not previously been charged with an offense of any character. He was sixty-three years of age; had lived near Arlington, Tex., for forty-five years. He was the father of five children, all of whom were grown with the exception of one. He had lived on a farm in Eastland county for about three years.

The evidence is purely circumstantial. Its sufficiency is challenged. It is quite as cogent in support of the guilt of others as of the appellant. The circumstances are not regarded as sufficiently conclusive to support the conviction.

The judgment is reversed, and the cause remanded.

## CANTRELL v. STATE.
### No. 13583.

Court of Criminal Appeals of Texas.

June 25, 1930.

W. H. Tolbert, of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

768

MARTIN, J.

Offense, the unlawful possession of equipment for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The transcript in this case shows that notice of appeal was given January 20, 1930. The statement of facts was not filed until April 24, 1930, which was more than ninety days after motion for new trial was overruled and notice of appeal given. In this state of the record nothing is presented for review, as the statement of facts is not entitled to consideration.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.